```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**MARCUS D. THOMPSON,**

        Plaintiff,

v.                                  Civil Action No. 2:13-04205

**BERT WOLFE FORD, INC.,**

        Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiff Marcus D. Thompson's motion to remand, filed March 18, 2013.


I.


Mr. Thompson is a Florida citizen and an African-American. Defendant Bert Wolfe Ford, Inc. ("Bert Wolfe") is a West Virginia citizen. The allegations of the complaint are as follows. On June 17, 2010, Bert Wolfe hired Mr. Thompson as a customer service advisor. Mr. Thompson performed all of his duties satisfactorily and met Bert Wolfe's performance expectations. Some of his fellow employees, however, uttered racially offensive remarks in his presence. Mr. Thompson asserts that this misconduct created a hostile work environment, of which

Case 2:13-cv-04205 Document 19 Filed 04/26/13 Page 2 of 10 PageID #: 99

Bert Wolfe was aware.  On February 25, 2011, Mr. Thompson was terminated without good cause.

On February 25, 2013, Mr. Thompson instituted this action in the Circuit Court of Kanawha County.  The four claims asserted by Mr. Thompson in the original complaint are framed as follows:

> COUNT ONE: Employment discrimination alleged to be "in violation of the West Virginia Human Rights Act, and The Civil Rights Act of 1866 - 42 U.S.C. § 1981" (Compl. ¶ 18);
>
> COUNT TWO: Hostile workplace alleged to be "in violation of the West Virginia Human Rights Act. W. Va. Code § 5-11-1 et seq." and "the public policies of the State of West Virginia" (Id. ¶ 25);
>
> COUNT THREE:  Wrongful termination alleged to be "in violation of West Virginia public policy and in retaliation which is a violation of the W.V. Human Rights Act" (Id. ¶ 28); and
>
> COUNT FOUR: Intentional or reckless infliction of emotional distress.[1]

---

[1] The court notes two other components of the original complaint.  First, at the outset of each of the four counts appears the stock and customary statement "realleg[ing] each and every allegation contained in the paragraphs" preceding.  The court attributes no substantive significance to this boilerplate language.  For example, Counts Two and Three are not construed to allege, like Count One, a violation of Section 1981 inasmuch as they explicitly only identify the West Virginia Human Rights act and state public policy as the laws offended.  Second, "Count 5" and "Count 6" purport to allege independent claims for "Damages" and "Punitive Damages."  The court does not treat these two damages requests as separate counts.

On March 5, 2013, Bert Wolfe answered and removed, alleging that the reference in Count One to Section 1981 gave rise to removal jurisdiction pursuant to 28 U.S.C. § 1441(a). The next day, on March 6, 2013, Mr. Thompson's counsel advised defense counsel in writing as follows:

> I was reviewing Mr. Thompson's file and noticed that a typographical error was contained within the Complaint. Said typographical error is as follows:
> (18) The acts and/or omission of the Defendant as herein alleged constitute discrimination in violation of the West Virginia Human Rights Act, and The Civil Rights Act of 1866 -- 42 U. S. C. § 1981 . . . .["] It was never my intention to cite a federal claim in this action.
> Therefore, I respectfully request that you allow me to correct said typographical error and allow this case to remain in the Circuit Court of Kanawha County, West Virginia.

(Ex. A., Pl.'s Reply).  Counsel for Bert Wolfe declined the request.

On March 12, 2013, Mr. Thompson promptly amended his original complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  See Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within[,] . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . .").  The first amended complaint alleges the same state law claims as found in the predecessor pleading but omits the former Count-One reference to Section 1981.

On March 18, 2013, Mr. Thompson moved to remand. He asserts, as his lawyer suggested in her March 6, 2013, letter to opposing counsel, that the isolated invocation of Section 1981 "was in error." (Pl.'s Reply at 2).

## II.

A.  The Governing Standard

Title 28 U.S.C. § 1441(a) governs federal removal jurisdiction. The statute provides pertinently as follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). One source of original jurisdiction is 28 U.S.C. § 1331, which provides "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. Accordingly, "removal is appropriate if the face of the complaint raises a federal question." Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005).

The well-pleaded complaint rule often comes into play in assessing the presence of a federal question:

4

> In determining whether a plaintiff's claim arises under federal law, we apply the well-pleaded complaint rule, which holds that courts "ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996). Thus, in examining the complaint, our first step is to "discern whether federal or state law creates the cause of action." Mulcahey, 29 F.3d at 151; see also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) ("The vast majority of lawsuits 'arise under the law that creates the cause of action.' ") (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916)). If federal law creates a plaintiff's claim, then removal is proper. Mulcahey, 29 F.3d at 151. The general rule, of course, is that a plaintiff is the "master of the claim," and he may "avoid federal jurisdiction by exclusive reliance on state law" in drafting his complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005); see also Mid Atlantic Med. Servs., LLC v. Sereboff, 407 F.3d 212, 218 n.5 (4th Cir. 2005) ("Section 1331 of Title 28 provides the federal courts with jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under the laws of the United States within § 1331 only if it is apparent from the face of a well-pleaded complaint that the plaintiff's cause of action was created by federal law, 'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'") (quoted authority omitted).

5

In <u>Harless v. CSX Hotels, Inc.</u>, 389 F.3d 444 (4th Cir. 2004), our court of appeals encountered a plaintiff whose state action was removed on complete preemption grounds. Plaintiff moved to amend in an attempt to eliminate the original basis for federal subject matter jurisdiction. The district court allowed the amendment, but retained the case on the grounds that the amended pleading yet contained completely preempted claims.

In response, plaintiff moved anew to amend, which the district court allowed. The second amended complaint contained four purely state law claims, which ultimately resulted in remand. Defendant appealed:

> [Defendant contends] . . . that the district court abused its discretion by permitting Harless to make repeated amendments to her pleadings for the sole purpose of avoiding federal preemption and federal jurisdiction. The Greenbrier further maintains that, even without Harless's claim for breach of duty of good faith and fair dealing, the other state law claims are federally preempted. The Greenbrier reasons that Harless's only evidence in support of her claims of age and disability discrimination will necessarily consist of an attempt to discredit The Greenbrier's application of the absenteeism provisions of the CBA.

<u>Id.</u> at 447.

The court of appeals, cognizant of plaintiff's at-best mixed intent in seeking multiple amendments, nevertheless observed as follows:

> This Court reviews a district court's ruling on a motion to amend for abuse of discretion. <u>Davis v. VCU</u>,

6

> 180 F.3d 626, 628 (4th Cir.1999), citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The language of Federal Rule of Civil Procedure 15(a) has been construed to counsel a liberal reading of its application. Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed. See Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir.1987). The Greenbrier argues that the district court abused its discretion in granting the successive motions to amend because their specific articulated objective was to defeat federal jurisdiction and avoid federal preemption. The Greenbrier also challenges the district court's finding that Harless's successive motions to amend were not made in bad faith. . . .
>
> . . . .
>
> In the immediate case, the district court stated that Harless had mixed motives in moving to amend the Complaint. While Harless clearly wanted to avoid federal court, she also had substantive reasons for amending the pleadings. Her counsel candidly represented to the Court that in drafting the Complaint, he never intended to allege a federal claim. It was his intention to allege a claim based solely on state law. Counsel confirmed that position in his argument before this Court.
>
> Here, Harless had a substantive and meritorious reason to amend the Complaint other than simply defeating federal jurisdiction. Once the district court found the amendment to be made in good faith, the decision to remand to state court resided within the discretion of the trial court. When a district court relinquishes jurisdiction over a removed case involving pendent claims, the Court has the discretion to remand the case to the state court in which the action was initially filed.

Id. at 447-48. The court in Harless, referencing the analysis in United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966),

7

suggested that a remand decision under the circumstances here presented ought to consider several factors, including fairness to litigants, comity, convenience, and judicial economy.[2]

B.  Analysis

Respecting fairness to the litigants, it is noteworthy that Mr. Thompson's counsel immediately, and quite candidly, confessed error to her opponent within a day of removal, asserting the singular reference to Section 1981 was a mistake. There is independent corroboration for counsel's insistence that inadvertence was in play.  That is, had she truly desired to plead a Section 1981 claim, there is no plausible explanation for specifically invoking that statutory protection as to Count One -- which alleged employment discrimination -- but not Count Two -- which alleged a hostile work environment.  See White v. BFI Waste Services, LLC, 375 F.3d 288, 292 (4th Cir. 2004) (noting the availability of relief under Section 1981 for claims alleging a

---

[2] The court notes as well that 28 U.S.C. § 1367(c)(4) permits the declination of supplemental jurisdiction "in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction." Id.  Essentially the same factors apply to the section 1367(c)(4) analysis.  See, e.g., Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 745 (11th Cir. 2006) ("The Gibbs factors of judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together are evaluated under section 1367(c)(4).").

racially hostile work environment). Fairness thus suggests a mistake resulted in removal and that remand is appropriate.

Comity and judicial economy likewise weigh in favor of remand. Following the first amended complaint, purely state law claims remain. It is well-settled that "[t]he highest court of each State . . . remains 'the final arbiter of what is state law.'" <u>Montana v. Wyoming</u>, 131 S. Ct. 1765, 1773 (2011) (quoting <u>West v. American Tele. & Tele. Co.</u>, 311 U.S. 223, 236 (1940)). In the event that an unresolved legal issue appears at some later point in the case, both parties will benefit by litigating in a forum that more frequently deals with, and may authoritatively construe, the West Virginia Human Rights Act and the decisional law growing out of <u>Harless v. First National Bank in Fairmont</u>, 162 W. Va. 116, 246 S.E.2d 270 (1978), the case which outlawed the termination of at-will employment when the employer motivation offends a substantial state public policy.

Having considered the applicable factors, and based upon the foregoing discussion, the court exercises its discretion under <u>Harless</u> and section 1367(c)(4) and ORDERS that Mr. Thompson's motion to remand be, and hereby is, granted. It is further ORDERED that this action be, and hereby is, remanded to the Circuit Court of Kanawha County.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: April 26, 2013

John T. Copenhaver, Jr.
United States District Judge